a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT L. WARREN, Petitioner | CIVIL ACTION NO. 1:18-CV-1431-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Plaintiff Lamont L. Warren ("Warren") (#11245-007). Warren is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Warren was convicted in the Superior Court of the District of Columbia. Warren challenges the denial of parole by the United States Parole Commission.

Because Warren cannot show that his custody is in violation of the Constitution or laws of the United States, his petition should be denied and dismissed.

I. Background

Warren was convicted in the D.C. Superior Court of "an array of crimes, including assault with intent to kill while armed, possession of a firearm during a crime of violence, carrying a pistol without a license, and voluntary manslaughter while armed." (3:11-cv-01479, M.D. Penn., Doc. 12, p. 1). Warren states that he was

sentenced to a term of imprisonment of 20 years to life. (Doc. 1, p. 2). Warren was denied parole in July 2015 and May 2018. (Doc. 1, p. 4).

## II. Law and Analysis

Section 2241 vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

The United States Parole Commission ("USPC") has exclusive jurisdiction over parole decisions for all D.C. felony offenders, including the exclusive authority to amend or supplement regulations interpreting or implementing the parole laws applicable to these offenders. See Hunter v. U.S. Parole Comm'n, 406 F. App'x 879, 880 (5th Cir. 2010) (citing National Capital Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745 (1997)). Pursuant to this authority, the USPC amended D.C.'s parole guidelines in 1998 and 2000. See id. (citing Fletcher v. Reilly, 433 F.3d 867, 870 (D.C. Cir. 2006)).

First, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Similarly, the parole laws and regulations developed by the District of Columbia do not give rise to a constitutionally protected interest in parole. Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996).

Congress has given the USPC absolute discretion concerning matters of parole. See Maddox v. U.S. Parole Comm'n, 821 F.2d 997, 999 (5th Cir. 1987). According to

D.C. Code 24-404(a), when a prisoner meets certain criteria, "the Commission *may* authorize his release on parole." Id. (emphasis added). Administrative guidelines for parole decisions operate only to provide a framework for the Commission's exercise of its authority. See Portley v. Grossman, 444 U.S. 1311, 1312 (1980); 28 C.F.R. § 2.20(c). The Commission's decisions involving parole will not be disturbed absent flagrant, unwarranted, or unauthorized action. See Maddox, 821 F.2d at 1000; Stroud v. U.S. Parole Comm'n, 668 F.2d 843, 846 (5th Cir. 1982); Page v. United States Parole Commission, 651 F.2d 1083, 1085 (5th Cir. 1981). A Commission determination is only reversible by a court if the decision is so arbitrary and capricious as to be beyond the Commission's discretion, or violative of the prisoner's constitutional rights. See Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

Warren alleges that he was denied parole due to his history of disciplinary infractions and because he was "aggressive and inappropriate." (Doc. 1, p. 5). Warren does not allege any abuse of discretion by the Commission. He does not claim that the Commission exceeded its authority, acted unconstitutionally, or failed to follow its own regulations. Even if the Parole Commission found that Warren satisfied all requirements under the parole guidelines, it still had the discretion to deny parole. Ellis, 84 F.3d at 1413, 1415.

Warren does not claim that his incarceration is unconstitutional, that he was denied any constitutionally protected procedures, or that the USPC acted unconstitutionally. To the extent Warren claims he has a general constitutional right to be released on parole, his claim fails.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Warren's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of January, 2019.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge